## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,          )
425 Third Street, S.W., Suite 800   )
Washington, DC 20024,         )
                           )
           Plaintiff,      )    Civil Action No.
                           )
v.                            )
                           )
U.S. DEPARTMENT OF DEFENSE,   )
1600 Defense Pentagon        )
Washington, DC 20301,         )
                           )
and                         )
                           )
U.S. DEPARTMENT OF STATE,    )
Office of the Legal Adviser      )
Room 5519               )
2201 C Street, N.W.          )
Washington, D.C. 20024,      )
                           )
           Defendants.   )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Defense and U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and has its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.   Plaintiff seeks to promote transparency, accountability, and integrity in government, politics, and the law.   As part of its educational mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations.   Plaintiff then analyzes the agency records and disseminates the results of its analysis, as well as the records themselves, to the public.

4.      Defendant U.S. Department of Defense is an agency of the U.S. Government and is headquartered at 1600 Defense Pentagon, Washington, DC 20301.   Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant U.S. Department of State is an agency of the U.S. Government and is headquartered at 2201 C Street, N.W., Washington, DC 20520.

## STATEMENT OF FACTS

5.      On March 6, 2014, Plaintiff sent a FOIA request to Defendant U.S. Department of Defense seeking the production of:

a)   Any and all records detailing the dates on which any official of the Department of Defense briefed any of the following members of Congress on matters related to the activities of any agency or department of the U.S. government at the Special Mission Compound and/or classified annex in Benghazi, Libya:

- Rep. John Boehner
- Rep. Mike Rogers
- Rep. Charles "Dutch" Ruppersberger
- Rep. Nancy Pelosi
- Sen. Dianne Feinstein
- Sen. Saxby Chambliss

- Sen. Harry Reid
- Sen. Mitch McConnell

b) Any and all records produced by any official of the Department of Defense in preparation for, use during, and/or pursuant to any of the aforementioned briefings (including, but is not limited to, any and all reports, analyses, presentation slides, and/or notes).

c) Any and all records of communication between any official of the Department of Defense and any of the aforementioned members of Congress and/or any of their respective staff members regarding, concerning, or related to activities or operations of any agency of the U.S. government at the Special Mission Compound and/or the classified annex in Benghazi, Libya

The time frame for this request is January 1, 2011 to the present.

6.      By letter dated March 18, 2014, Defendant U.S. Department of Defense acknowledged receipt of Plaintiff's FOIA request on March 7, 2014 and assigned it Case Number 14-F-0552.

7.      Defendant U.S. Department of Defense was required to determine whether to comply with Plaintiff's request within 20 days after the receipt of the request, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A).   Pursuant to this same provision, Defendant U.S. Department of Defense also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.   Defendant U.S. Department of Defense, therefore, was required to make its determination and provide Plaintiff with the requisite notifications by April 4, 2014.

8.      On March 6, 2014, Plaintiff sent a FOIA request to Defendant U.S. Department of State seeking the production of:

a) Any and all records detailing the dates on which any official of the Department of State briefed any of the following members of Congress on matters related to

- 3 -

the activities of any agency or department of the U.S. government at the Special Mission Compound and/or classified annex in Benghazi, Libya:

- Rep. John Boehner
- Rep. Mike Rogers
- Rep. Charles "Dutch" Ruppersberger
- Rep. Nancy Pelosi
- Sen. Dianne Feinstein
- Sen. Saxby Chambliss
- Sen. Harry Reid
- Sen. Mitch McConnell

b) Any and all records produced by any official of the Department of State in preparation for, use during, and/or pursuant to any of the aforementioned briefings (including, but is not limited to, any and all reports, analyses, presentation slides, and/or notes).

c) Any and all records of communication between any official of the Department of State and any of the aforementioned members of Congress and/or any of their respective staff members regarding, concerning, or related to activities or operations of any agency of the U.S. government at the Special Mission Compound and/or the classified annex in Benghazi, Libya

The time frame for this request is January 1, 2011 to the present.

9.      By letter dated March 20, 2014, Defendant U.S Department of State acknowledged receipt of Plaintiff's FOIA request on March 6, 2014 and assigned it Case Control Number F-2014-04166.

10.     Defendant U.S. Department of State was required to determine whether to comply with Plaintiff's request within 20 days after receipt of the request, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A).   Pursuant to this same provision, Defendant U.S. Department of State also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.   Defendant U.S. Department of State, therefore, was required to make its determination and provide Plaintiff with the requisite notifications by April 3, 2014.

- 4 -

11.     As of the date of this Complaint, Defendants have failed to make determinations about whether they will comply with Plaintiff's requests, notify Plaintiff of any determinations, or notify Plaintiff of its right to appeal any adverse determinations to the head of the agency.   Nor have Defendants produced any records responsive to the requests, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

12.     Because Defendants failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

13.     Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14.     Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholdings of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 15, 2014                            Respectfully submitted,

                                                /s/ Michael Bekesha
                                                Michael Bekesha
                                                D.C. Bar No. 995749
                                                JUDICIAL WATCH, INC.
                                                425 Third Street S.W., Suite 800
                                                Washington, DC 20024
                                                (202) 646-5172

                                                *Counsel for Plaintiff*